## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SIERRA CLUB | ) | |
| 2101 Webster St., Suite 1300 | ) | |
| Oakland, CA 94612, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ENVIRONMENTAL INTEGRITY | ) | |
| PROJECT | ) | |
| 1000 Vermont Avenue NW, Suite 1100 | ) | |
| Washington, DC 20005, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. No. _____ |
| v. | ) | |
| | ) | |
| SCOTT PRUITT, in his official capacity as | ) | |
| Administrator of the United States Environmental | ) | |
| Protection Agency | ) | |
| Ariel Rios Building | ) | |
| 1200 Pennsylvania Avenue, N.W. | ) | |
| Washington, DC 20460, | ) | |
| | ) | |
| Defendant. | ) | |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

## I.      INTRODUCTION

1.      The Administrator of the United States Environmental Protection Agency ("Administrator" or " EPA") has failed to perform his non-discretionary duty to grant or deny a petition filed by the Sierra Club and Environmental Integrity Project ("EIP") on October 15, 2016 (hereinafter "Petition"), asking EPA to object to the air pollution control operating permit (hereinafter "the Permit") issued by the Pennsylvania Department of Environmental Protection ("DEP") under Title V of the Clean Air Act for the Wheelabrator Frackville Energy, Inc. power

generating facility (hereinafter "Wheelabrator").  *See* 42 U.S.C. § 7661d(b)(2) (authorizing such petitions).

2.      Although well more than sixty days have passed since Sierra Club and EIP filed their October 15, 2016 petition with the EPA, the Administrator has not granted or denied Plaintiffs' Petition, in contravention of the mandatory sixty-day deadline for such action imposed under the Clean Air Act.  *See* 42 U.S.C. § 7661d(b)(2).  The Administrator, therefore, has violated and continues to violate his nondiscretionary duty under the Clean Air Act.

3.      Accordingly, Plaintiffs Sierra Club and EIP seek a declaration that the Administrator is in violation of the Clean Air Act and an order compelling the Administrator to grant or deny Plaintiffs' Petition by a date certain.

## II.      JURISDICTION

4.      The instant action arises under the Clean Air Act, 42 U.S.C. § 7661d(b).  This Court has jurisdiction over Sierra Club's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331, 1361.  This Court has authority to order declaratory and injunctive relief pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202.

## III.      NOTICE

5.      By certified letter dated December 22, 2016, Plaintiffs provided Defendant with written notice of the Administrator's failure to perform his nondiscretionary duty at issue in this case and of Plaintiffs' intent to bring this action, as required by 42 U.S.C. § 7604(b) and 40 C.F.R. §§ 54.2, 54.3.  A copy of this notice is provided as Exhibit A to this Complaint.  A period of more than sixty days has elapsed since Defendant was notified of Plaintiffs' claim and intent to file suit.  Therefore, notice was proper.  *See* 42 U.S.C. § 7604(b)(2).

## IV.   VENUE

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e)(1).  A substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the District of Columbia.  Defendant Administrator Pruitt is an officer of the United States, sued for acts and omissions in his official capacity as Administrator of the EPA, and EPA has its principal office in the District of Columbia.

## V.   PARTIES

7.      Plaintiffs are non-profit environmental organizations with longstanding interests in improving air quality across the nation, and a particular interest in advocating for control of air pollution from power plants due to their significant impacts on public health and the environment.

8.      Plaintiff Sierra Club is the oldest and largest grassroots environmental organization in the United States, with over 800,000 members nationally, including over 30,000 members in Pennsylvania.  Sierra Club's mission is to explore, enjoy, and protect the wild places of the Earth; to practice and promote the responsible use of the Earth's resources and ecosystems; to educate and enlist humanity to protect and restore the quality of the natural and human environment; and to use all lawful means to carry out these objectives.

9.      Plaintiff EIP is a national nonprofit organization that advocates for effective enforcement of environmental laws, with a specific focus on the Clean Air Act and large stationary sources of air pollution, like coal-fired power plants.  EIP's mission is to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and harms public health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws;

3

and to help local communities obtain the protections of environmental laws.

10.     Sierra Club and EIP are "persons" within the meaning of 42 U.S.C. § 7602(e).  As such, Plaintiffs may commence a civil action under 42 U.S.C. § 7604(a).

11.     Plaintiffs bring this action on their own behalf and on behalf of Sierra Club's members.  Sierra Club and EIP are greatly concerned about the effects of air pollution on the environment and human health and have a long history of involvement in (and investment of institutional resources in) exercising their legal right to engage in advocacy related to air quality and source permitting under the Clean Air Act.  The Administrator's failure to perform the mandatory duty described in this Complaint and timely respond to the Petition has injured and continues to injure Plaintiffs' organizational and procedural interests, adversely affecting Sierra Club and EIP's ability to assure that the Permit complies with Clean Air Act requirements.

12.     The Administrator's failure to perform his mandatory duty has injured and continues to injure the health, recreational, environmental, and procedural interests of Sierra Club members.  Sierra Club members live, work, travel, and recreate in areas where they are exposed to dangerous air pollutants emitted from the Wheelabrator plant.  Such air pollutants, which include particulate matter, are associated with a variety of adverse health effects and damage to wildlife and vegetation.  The Permit upon which Sierra Club's Petition is based purports to authorize Wheelabrator to release air pollutants, thereby threatening the health of Sierra Club members and their use and enjoyment of the air, environment, wildlife, and scenery adversely impacted by such pollutants.  EPA's failure to respond to Plaintiffs' Petition creates doubt and concern for Sierra Club members about whether the Wheelabrator plant is operating in compliance with the requirements of the Clean Air Act and whether they are being protected from exposure to the Plant's air pollutant emissions to the extent required by law.

13.     During the permitting process for Wheelabrator, Sierra Club and EIP provided comments critical of the Permit's terms and limits.  Subsequently, Plaintiffs petitioned EPA to object to the issuance of the Permit.  The Clean Air Act gives Plaintiffs a procedural right to a timely, sixty-day decision on their Petition.  *See* 42 U.S.C. § 7661d(b)(2).  EPA's failure to act on the Petition prevents Plaintiffs from challenging an unfavorable EPA decision or benefiting from a favorable decision on the Petition.  EPA's continuing failure to respond to Sierra Club and EIP's Petition causes harm by depriving Sierra Club, EIP, and Sierra Club members of protections to which they are entitled under the Clean Air Act and their procedural right to a timely decision on the Petition.

14.     Granting the relief requested in this lawsuit would redress Plaintiffs' injuries.

15.     Scott Pruitt is sued in his official capacity as the Administrator of the EPA.  The Administrator is responsible for taking various actions to implement and enforce the Clean Air Act, including the mandatory duty at issue in this case.

## VI.     LEGAL BACKGROUND

16.     The core purpose of the Clean Air Act is the protection of public health against the effects of harmful air pollution.  *See* 42 U.S.C. § 7401(b)(1).  To help meet this goal, the 1990 amendments to the Clean Air Act created the Title V permit program, an operating permit program that applies to all major sources of air pollution.  *See* 42 U.S.C. §§ 7661-7661f.

17.     Major sources of air pollution must obtain a valid operating permit issued pursuant to Title V of the Clean Air Act, which records applicable air pollution control requirements in a single document.  *See* 42 U.S.C. §§ 7661a(a), 7661c(a).  Sources regulated under Title V of the Act may not operate except in compliance with their Title V permits, 42 U.S.C. § 7661a(a), and such permits "shall include enforceable emission limitations and

standards . . . and such other conditions as are necessary to assure compliance with applicable requirements of [the Air Pollution Prevention and Control] chapter, including the requirements of the applicable implementation plan." 42 U.S.C. § 7661c(a); *see also* 40 C.F.R. § 70.6(a)(1).

18.     The Clean Air Act provides that the EPA Administrator may approve state programs to administer the Title V permitting program with respect to sources within their borders. *See* 42 U.S.C. § 7661a(d). EPA fully approved Pennsylvania's administration of its Title V permit program in 1996. *See* Clean Air Act Final Full Approval Of Operating Permits Program; Final Approval of Operating Permit and Plan Approval Programs Under Section 112(l); Final Approval of State Implementation Plan Revision for the Issuance of Federally Enforceable State Plan Approvals and Operating Permits Under Section 110; Commonwealth of Pennsylvania, 61 Fed. Reg. 39,597 (July 30, 1996) (codified at 40 C.F.R. § 52.2020(c)); *see also* 40 C.F.R. Part 70, Appendix A, Pennsylvania (a) ("Pennsylvania Department of Environmental Resources [now known as the Pennsylvania Department of Environmental Protection]: submitted on May 18, 1995; full approval effective on August 29, 1996.").

19.     Before Pennsylvania DEP may issue a Title V permit, the state agency must send the proposed Title V permit to EPA for review. 42 U.S.C. § 7661d(a)(1). EPA then has forty-five days to review the proposed permit. 42 U.S.C. § 7661d(b). EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable requirements under the Clean Air Act. *Id.*

20.     If the Administrator does not object in writing to the issuance of the proposed permit on his own accord, any person may, within sixty days after the expiration of EPA's review period, petition the Administrator to take such action. 42 U.S.C. § 7661d(b)(2).

21.     The Clean Air Act sets a mandatory deadline by which EPA must respond to any

6

such petition, requiring that the Administrator "shall grant or deny such petition within 60 days after the petition is filed." *Id.*

22.     If EPA objects to a permit, the permitting authority may not issue the permit unless it is revised.  42 U.S.C. § 7661d(b)(3).  If the permitting authority has issued the permit prior to receipt of an objection by the Administrator, the Administrator shall modify, terminate, or revoke such permit.  *Id.*

23.     If the Administrator fails to comply with a non-discretionary duty, such as acting on a petition to object within the statutorily mandated sixty-day time frame, the Clean Air Act allows any person to bring suit to compel the Administrator to do so.  *See* 42 U.S.C. § 7604(a).

## VII.   FACTUAL BACKGROUND

24.     Wheelabrator, a waste coal-fired power plant, is a major stationary source of air pollution located in Schuylkill County, Pennsylvania and subject to Title V of the Clean Air Act.

25.     On May 21, 2016, Pennsylvania DEP noticed a proposed Title V permit for the Wheelabrator plant with a thirty-day public comment period.  Plaintiffs Sierra Club and EIP submitted timely comments on the Proposed Permit on June 20, 2016.

26.      EPA's forty-five day review period for the proposed permit began on July 6, 2016, and ended on August 19, 2016.

27.     On October 15, 2016, Plaintiffs filed a petition requesting that the Administrator object to issuance of the Wheelabrator Title V permit on the basis that the permit lacks testing and monitoring conditions and terms necessary to assure compliance with the applicable particulate matter emissions limits for the Plant's coal-fired boiler.  Plaintiffs' Petition was timely filed within sixty days following the conclusion of EPA's forty-five day review period, *see* 42 U.S.C. § 7661d(b)(2), and based on an objection that was raised with reasonable

specificity during the public comment period for the proposed permit, in accordance with 42 U.S.C. § 7661d(b)(2).

28.     EPA had sixty days, until December 14, 2016, to grant or deny Plaintiffs' Petition.  42 U.S.C. § 7661d(b)(2).  As of the date of filing of this complaint, EPA has not yet granted or denied the Petition.

## VIII.   CLAIM FOR RELIEF

29.     Sierra Club and EIP incorporate the allegations in all preceding paragraphs of this Complaint as if set forth in full herein.

30.     The Administrator had a nondiscretionary duty to grant or deny Plaintiffs' Petition within sixty days after it was filed.  42 U.S.C. § 7661d(b)(2) ("The Administrator shall grant or deny such petition within 60 days after the petition is filed") (emphasis added).

31.     More than sixty days have passed since Sierra Club and EIP filed their October 15, 2016 Petition requesting that EPA object to the Title V Permit for Wheelabrator.

32.     As of the date of filing this Complaint, the Administrator has not granted or denied Plaintiffs' Petition.  Thus, the Administrator has violated and continues to violate the Clean Air Act, 42 U.S.C. § 7661d(b)(2).

33.     This Clean Air Act violation constitutes a "failure of the Administrator to perform any act or duty under [the Air Pollution Prevention and Control] chapter which is not discretionary with the Administrator" within the meaning of the Clean Air Act's citizen suit provision.  42 U.S.C. § 7604(a).  The Administrator has been in violation of his non-discretionary duty for 222 days, the violation is ongoing, and will continue unless remedied by this Court.

## IX.     REQUEST FOR RELIEF

WHEREFORE, Sierra Club respectfully requests this Court enter judgment providing the following relief:

A)     A declaration that the Administrator has violated the Clean Air Act by failing to grant or deny Sierra Club and EIP's Petition requesting that EPA object to the Title V operating permit for Wheelabrator;

B)     An order compelling the Administrator to perform his mandatory duty to grant or deny Plaintiffs' Petition for objection to the Title V operating permit for Wheelabrator by an expeditious certain date;

C)     An order retaining jurisdiction over this matter until such time as the Administrator has complied with his non-discretionary duty under the Clean Air Act;

D)     An order awarding Plaintiffs' their costs of litigation, including reasonable attorneys' fees; and

E)     Such other and further relief as the Court deems just and proper.


Respectfully submitted,


Dated: July 24, 2017                    */s/ Kathryn Amirpashaie*

Kathryn M. Amirpashaie
DC Bar Id. No. 1001491
Law Office of Kathryn M. Amirpashaie, PLC
406 Blue Ridge Avenue NE
Leesburg, VA 20176
Tel: (703) 771-8394
kmalawoffice@gmail.com


*Counsel for Plaintiffs*

9